UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
PATRICK DOLAN JR., et al.,                          :
                                                    :      OPINION & ORDER
                  Plaintiffs,         :      12 Civ. 203 (GWG)
                                                    :
   -v.-
                                                    :
BARILE MECHANICAL, INC., et al.,
                                                    :
                  Defendants.         :
-----------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      Plaintiffs, employee benefit welfare plans and employee benefit pension plans established under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002 et seq., and their fiduciaries (the "Funds"), brought this action against Barile Mechanical, Inc. ("Barile") to confirm and enforce an arbitration award pursuant to Section 301(a) of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185(a), and Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9.  In a separate count, they have sued Barile, Barile's president and owner Michael Walby, and his son Matthew Walby, for violations of the New York Lien Law. Plaintiffs now move for summary judgment pursuant to Federal Rule of Civil Procedure 56.[1]

---

[1] See Notice of Motion and Motion by Plaintiffs for Summary Judgment, filed Oct. 25, 2012 (Docket # 30) ("Motion for Summary Judgment"); Plaintiffs' Local Civil Rule 56.1 Statement of Material Facts Not in Issue on Motion for Summary Judgment, filed Oct. 26, 2012 (Docket # 35) ("Pl. 56.1 Statement"); Affirmation of Richard S. Brook in Support of Motion by Plaintiffs for Summary Judgment, filed Oct. 26, 2012 (Docket # 36) ("Brook Aff."); Memorandum of Law in Support of Motion by Plaintiffs for Summary Judgment, filed Oct. 26, 2012 (Docket # 37) ("Pl. Mem."); Defendants Barile Mechanical, Inc., Matthew Walby and Michael Walby's Memorandum of Law in Partial Opposition to Plaintiffs' Motion for Summary Judgment, filed Feb. 13, 2013 (Docket # 48) ("Def. Mem."); Affidavit of Michael D. Walby in Partial Opposition, filed Feb. 13, 2013 (Docket # 49); Affidavit of Matthew Walby in Partial Opposition, filed Feb. 13, 2013 (Docket # 50); Affirmation of Thomas A. Bizzaro, Jr. in Partial

1

The parties have consented to having this matter decided by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the following reasons, plaintiffs' motion for summary judgment is granted in part.

I.  BACKGROUND

The following facts are undisputed unless otherwise stated.

This action arises out of a collective bargaining agreement between Barile and Enterprise Association Steamfitter Local 638 (the "Union"). See Pl. 56.1 Statement ¶ 17;[2] Enterprise Association–Local Union 638 Working Agreement, dated Aug. 20, 2008 (annexed as Ex. 1 to Brook Aff.) (the "CBA"). This agreement required Barile to make payments to the Funds based on the number of hours worked by its employees. Pl. 56.1 Statement ¶¶ 17–19. Plaintiffs conducted an audit of Barile's records pursuant to the CBA and discovered that the company had failed to make the required contributions to the Funds during certain time periods. Id. ¶¶ 22–24; Independent Accountants' Report on Applying Agreed-Upon Procedures, dated Nov. 2, 2010 (annexed as Ex. 5 to Brook Aff.), at 3. Pursuant to the CBA, the parties submitted a delinquency arbitration to a duly designated contractual arbitrator. Pl. 56.1 Statement ¶ 25; Demand for Arbitration, dated June 24, 2011 (annexed as Ex. 4B to Brook Aff.). Although defendants were

---

Opposition, filed Feb. 13, 2013 (Docket # 51); Defendants' Local Civil Rule 56.1(b) Counterstatement of Material Facts, filed Feb. 14, 2013 (Docket # 53); Reply Memorandum of Law in Further Support of Motion by Plaintiffs for Summary Judgment, filed Feb. 19, 2013 (Docket # 54).

[2] We cite to plaintiffs' statement pursuant to Local Civil Rule 56.1 only where defendants have not controverted that statement. See Local Civil Rule 56.1(c) ("Each numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party.").

aware of the arbitration, they failed to attend the arbitration and to produce documents or witnesses. Id. ¶¶ 26, 28. The arbitrator held a hearing on September 16, 2011, and issued a written award on September 22, 2011 in favor of plaintiffs. Id. ¶¶ 27, 29; Opinion and Award by Edward J. Nolan, dated Sept. 22, 2011 (annexed as Ex. 4A to Brook Aff.) ("Arb. Op."), at 1–2, 4. The award, in the amount of $274,907.35, was based on the failure to make required contributions for the periods January 1, 2007 through December 31, 2009; May 3, 2011 through June 28, 2011; and July 5, 2011 through August 16, 2011. Arb. Op. at 2; Pl. 56.1 Statement ¶ 29. The award included interest owed on these sums, liquidated damages at the rate of 20 percent as required by the CBA, and legal costs, costs of the audit, and costs of the arbitration. Arb. Op. at 3–4. Since that date, Barile has not paid this amount, and the award has not been vacated or modified. Pl. 56.1 Statement ¶¶ 30–31.

    Plaintiffs filed this action on January 11, 2012, seeking to confirm the arbitration award. See Complaint, filed Jan. 11, 2012 (Docket # 1); First Amended Complaint, filed Mar. 5, 2012 (Docket # 9) ("Compl."). Initially, plaintiffs named Barile's surety, North American Specialty Insurance Company ("NASIC"), as a defendant, see Compl. ¶¶ 6, 45–50, but plaintiffs voluntarily dismissed NASIC after receiving a payment of $120,000 from them, Pl. 56.1 Statement ¶ 30; Check, dated Oct. 12, 2012 (annexed as Ex. 8 to Brook Aff.), at 4.

    Plaintiffs' complaint contains three causes of action against Barile. See Compl. ¶¶ 19–44. The first two counts relate to the arbitration award: Count 1 seeks confirmation of the award minus the amount already paid by NASIC, see Compl. ¶¶ 19–26; Motion for Summary Judgment at 2. Count 2 demands the same relief under ERISA, 29 U.S.C. §§ 1145, 1132(g). See Compl. ¶¶ 27–31. Count 3 — brought against Barile, Michael Walby, and Matthew Walby — alleges violations of the New York Lien Law. Compl. ¶¶ 32–44. Plaintiffs' motion seeks

summary judgment in its favor on all three causes of action.  Pl. Mem. at 7–9.

II.     APPLICABLE LAW

      A.     Summary Judgment

Rule 56(a) of the Federal Rules of Civil Procedure states that summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In determining whether a genuine issue of material fact exists, "[t]he evidence of the non-movant is to be believed" and the court must draw "all justifiable inferences" in favor of the nonmoving party.  Id. at 255 (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 158–59 (1970)).  Nevertheless, once the moving party has shown that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law, "the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial,'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis in original) (additional citation omitted) (quoting Fed. R. Civ. P. 56(e)), and "may not rely on conclusory allegations or unsubstantiated speculation," Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998) (citations omitted).  In other words, the nonmovant must offer "concrete evidence from which a reasonable juror could return a verdict in his favor."  Anderson, 477 U.S. at 256.  Where "the nonmoving party bears the burden of proof at trial, summary judgment is warranted if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to [its] case." Nebraska v. Wyoming, 507 U.S. 584, 590 (1993) (alteration in original) (quoting Celotex, 477

U.S. at 322) (internal quotation marks omitted).  Thus, "[a] defendant moving for summary judgment must prevail if the plaintiff fails to come forward with enough evidence to create a genuine factual issue to be tried with respect to an element essential to its case."  Allen v. Cuomo, 100 F.3d 253, 258 (2d Cir. 1996) (citing Anderson, 477 U.S. at 247–48).

      B.      Confirmation of an Arbitration Award

"[C]onfirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected."  D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006) (citations and internal quotation marks omitted).  However, a court ruling on a summary judgment motion to confirm an arbitration award "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial."  Id. at 110 (quoting Vt. Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004)).  "[T]he court 'cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion.'"  Trs. of the UNITE HERE Nat'l Health Fund v. JY Apparels, Inc., 535 F. Supp. 2d 426, 428–29 (S.D.N.Y. 2008) (quoting United States v. 5800 SW 74th Ave., 363 F.3d 1099, 1101 (11th Cir. 2004)); accord Trs. of the N.Y.C. Dist. Counsel of Carpenters v. Exec. Millwork Corp., 2013 WL 265084, at *2–3 (S.D.N.Y. Jan. 22, 2013).

"[T]he court's function in confirming or vacating an arbitration award is severely limited."  Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp., 103 F.3d 9, 12 (2d Cir. 1997) (citation and internal quotation marks omitted); see also Major League Baseball Players Ass'n v. Garvey, 532 U.S. 504, 509 (2001) (noting that "[j]udicial review of a labor-arbitration decision pursuant to [a CBA under the LMRA] is very limited.").  A court need

5

only find "a barely colorable justification for the outcome reached" by the arbitrators to confirm an award.  D.H. Blair, 462 F.3d at 110 (internal citation and quotation marks omitted).  In a case involving a collective bargaining agreement, "the Court evaluates whether the arbitrator 'acted within the scope of his authority,'" Trs. of the N.Y.C. Dist. Counsel of Carpenters, 2013 WL 265084, at *3 (quoting Local 1199 v. Brooks Drug Co., 956 F.2d 22, 25 (2d Cir. 1992)), and an award will be confirmed as long as it "draws its essence from the collective bargaining agreement," United Steelworkers of Am. v. Enter. Wheel & Car Corp., 363 U.S. 593, 597 (1960); accord Supreme Oil Co. v. Abondolo, 568 F. Supp. 2d 401, 405–406 (S.D.N.Y. 2008); Trs. of the Unite Here Nat'l Health Fund v. Am. Leather Prods., L.L.C., 2009 WL 5178004, at *5–6 (S.D.N.Y. Dec. 31, 2009).

III.  DISCUSSION

As noted, plaintiffs' motion seeks summary judgment in its favor on all three causes of action.  Pl. Mem. at 7–9.  Defendants do not oppose summary judgment on the first two causes of action, which seek confirmation of the arbitration award and equivalent relief under ERISA.  They do oppose summary judgment on the third cause of action.  Def. Mem. at 3–5.

    A.  Confirmation of the Arbitration Award

No genuine issue of material fact exists with respect to Counts 1 and 2.  The CBA required Barile to contribute certain sums to the Funds for each hour worked by its employees.  See Pl. 56.1 Statement ¶ 19.  The CBA also provided for the resolution of disputes by arbitration.  Id. ¶ 25; CBA at 3.  The arbitrator considered the evidence, awarded damages based on "proofs and estimates of the Funds," and explained how he arrived at his particular number.  See Arb. Op. at 1, 4.  The arbitrator also awarded liquidated damages, as well as the costs of the audit, the arbitration, and legal fees, as "mandated under the agreement" and ERISA.  Id. at 3.  While

plaintiffs have not submitted copies of the full CBA on which the arbitrator relied, there is no indication that the arbitrator misinterpreted these materials or otherwise acted arbitrarily, in excess of his power, or contrary to law.  See, e.g., Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Dejil Sys., Inc., 2012 WL 3744802, at *3 (S.D.N.Y. Aug. 29, 2012) (confirming award where plaintiff did not submit all materials relied on by arbitrator).  Nothing in the arbitrator's decision here suggests that the Court should not confirm the award.  See, e.g., id. ("Where, as here, there is no indication that the arbitration decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law, a court must confirm the award upon the timely application of any party.").

      B.      Interest and Attorney's Fees

While the complaint seeks interest, attorneys' fees, and costs, Compl. at 10–11, there are no sworn statements or legal argument in the record to support awards for these items.  Accordingly, if plaintiffs wish to pursue these requests for relief, they shall file a motion in compliance with Local Civil Rule 7.1 and paragraph 2.B of this Court's Individual Practices.  The Court reminds plaintiffs that any request for attorney's fees must be supported by contemporaneous time records showing, for each attorney, the date of service, the hours expended, and the nature of the work performed.  See N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147–48 (2d Cir. 1983).

      C.      New York Lien Law Claims

Plaintiffs seek summary judgment on Count 3 of the complaint, which alleges that defendants Barile, Michael Walby, and Matthew Walby diverted trust money from the Funds in violation of N.Y Lien Law § 77.  Compl. ¶¶ 32–44.  Plaintiffs provide no argument or evidence whatsoever to support their request for summary judgment on this claim.

More fundamentally, however, the question arises whether this Court even ought to exercise jurisdiction over this claim.  It was brought pursuant to the Court's jurisdiction under 28 U.S.C. § 1367(a) as a claim "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  But section 1367(c) gives courts discretion to "decline to exercise supplemental jurisdiction over a claim . . . [where] the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).

In cases where "all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine — judicial economy, convenience, fairness, and comity — will point toward declining to exercise jurisdiction over the remaining state-law claims."  Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988); accord Klein & Co. Futures, Inc. v. Bd. of Trade of City of N.Y., 464 F.3d 255, 262 (2d Cir. 2006) ("It is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims."), cert. granted, 550 U.S. 956; cert. dismissed, 552 U.S. 1085 (2007).  As this case is still in the pre-trial stages, judicial economy is not a compelling factor.  See, e.g., Karmel v. Claiborne, Inc., 2002 WL 1561126, at *3 (S.D.N.Y. July 15, 2002) ("[W]hen federal claims are dismissed early in the litigation — for example, before trial on a summary judgment motion — dismissal of state law claim[s] . . . is appropriate.") (quoting Cobbs v. CBS Broad., 1999 WL 244099, at *8 (S.D.N.Y. Apr. 26, 1999)); accord Baggett v. Piedmonte, 2013 WL 474360, at *5 (N.D.N.Y. Feb. 7, 2013) (dismissing state law claims where federal law claims were dismissed, "no substantial motions [other than the instant motion for summary judgment] have been filed, . . . the Court has issued no substantial opinions[,] . . . this case is less than a year old, [and] no

8

discovery has been performed.").

Here, the plaintiffs' federal claims are not being eliminated, but case law suggests that the same principles apply inasmuch as plaintiffs are entitled to summary judgment on their federal claims. See, e.g., Precious Plate, Inc. v. Russell, 2011 WL 3667663, at *8 (W.D.N.Y. Aug. 22, 2011) (granting plaintiff's motion for summary judgment and declining to exercise supplemental jurisdiction over state law claims); Green Tree Credit, LLC v. Cnty. of Chenango, 2005 WL 1660118, at *3 (N.D.N.Y. July 13, 2005) (same); Russell-Newman, Inc. v. Robeworks, Inc., 2002 WL 1918325, at *5 (S.D.N.Y. Aug. 19, 2002) (same).

Accordingly, it is the Court's intention to decline to exercise supplemental jurisdiction over plaintiffs' claim under the New York Lien Law. Inasmuch as this issue was not raised during the briefing, however, the Court will give the parties an opportunity to address the question should they wish to do so. Any arguments that the Court should continue to exercise jurisdiction over this claim should be addressed in a memorandum of law. Briefing shall be in accordance with paragraph 2.B of this Court's Individual Practices.

IV.   CONCLUSION

For the foregoing reasons, plaintiffs' motion for summary judgment (Docket # 30) is granted to the extent that the arbitration award is confirmed in the amount of $154,907.35. The Clerk shall stay entry of any judgment until further order of the Court.

SO ORDERED

Dated: March 28, 2013
       New York, New York

                                              _____
                                              GABRIEL W. GORENSTEIN
                                              United States Magistrate Judge